993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, Plaintiff-Appellant,
v.
J. Eric YARBOUGH, et al., Defendants-Appellees.
 No. 92-16516.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell H. Jackson appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. He alleges that he was given conflicting orders by prison officials, resulting in discipline for disobeying an order. Jackson also alleges that officials at the Special Management Unit (SMU) violated his first and fourteenth amendment rights during prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 Standard of Review
 
 3
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). However, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material fact; the nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Therefore, a mere scintilla of evidence is not sufficient; there must be sufficient evidence upon which the jury could find for the nonmoving party. Anderson, 477 U.S. at 252.
 
 Background
 
 4
 Appellant asserts that, on April 29, 1990, he was given conflicting instructions by two correctional officers. One officer ordered him via intercom to enter the recreational area, and the other officer ordered him to return to lock down. Facing this putative dilemma, he went to lock down and called for a sergeant to resolve the conflict. The sergeant resolved this conflict by finding that these orders were not incompatible and issued a disciplinary citation.
 
 
 5
 Appellant states that he received a stale form 1 notifying him of the disciplinary charge against him on April 30, 1990. He contends that, under prison regulations, form 1 must be served within 24 hours, and that he received his form 1 twenty-six hours after the incident.[2] He further contends that the form 1 that he received was constitutionally inadequate because it with not accompanied by form 2. Form 2 provides the factual predicate supporting the allegation. On May 1, 1990, he was found guilty of a minor violation, resulting in the loss of some privileges for 30 days. Appellant appealed the finding that he disobeyed a correctional officer, and the appeal was denied by prison officials. He then filed this civil rights action.
 
 Due Process
 
 6
 The district court properly determined that appellant suffered no violation of his due process rights in the course of prison disciplinary proceedings. In support of defendants' motion for summary judgment, the officers involved submitted affidavits that they did not give appellant conflicting orders. We assume for the purposes of summary judgment that the orders did conflict as alleged by the appellant. See O'Melveny & Meyers, 969 F.2d at 747. Even construing these facts in appellant's favor, however, appellant fails to state a claim as to why this conduct would rise to a constitutional violation. See Adickes v. Kress & Co., 398 U.S. 144, 149 (1970) (appellant must show that he has been deprived of a right secured by the Constitution); Elder v. Halloway, 975 F.2d 1388, 1393 (9th Cir.1991), reh'g denied, 984 F.2d 991 (1993).
 
 
 7
 Appellant contends that he is entitled in the context of minor infractions to the full panoply of due process protections recognized by the United States Supreme Court in Wolff v. McDonnell. 418 U.S. 539, 563-71 (1971). We disagree. See id. at 572 n. 19 ("We do not suggest that the procedures required by today's decision ... would also be required for the imposition of lesser penalties such as the loss of privileges"). Therefore, Wolff is inapplicable to this appeal.[3]
 
 
 8
 Appellees correctly contend that Hewitt v. Helms provides the appropriate standard of due process in this case. 459 U.S. 470, 472 (1982); see Toussaint v. McCarthy, 801 F.2d 1080, 1099-100 (9th Cir.1986). In Hewitt, the Supreme Court held that "[prison officials] were obligated to engage in only an informal, nonadversary review of the information, including whatever statement [the prisoner] wished to submit, within a reasonable time, after confining him to administrative segregation." Id., 459 U.S. at 472. Appellant received all the process that he is entitled to receive under Hewitt. He was notified of the charge against him, and he submitted a statement in his own behalf to the coordinator of discipline. Accordingly, appellant's right to due process was not violated when prison officials handled his minor disciplinary action through informal and nonadversarial procedures.
 
 Equal Protection
 
 9
 Appellant alleges that prison officials conspired to deprive him of his right to equal protection of the laws. The district court granted summary judgment in favor of defendants on this claim because appellant adduced no evidence that defendants had a meeting of the minds, much less that he was actually deprived of equal protection of the laws. See First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 288-90 (1968) (plaintiff cannot defeat properly supported summary judgment motion of defendants charged with conspiracy without offering any significant probative evidence tending to support the complaint); Coverdell v. Dep't of Social and Health Services, 834 F.2d 758, 769 (9th Cir.1987).
 
 
 10
 As appellant has failed to establish that there is any genuine issue of material fact, we affirm.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order dismissed this action as to all but two defendants. The district court subsequently dismissed the remaining two defendants. Therefore, this court has jurisdiction to entertain this appeal. See Unioil v. E.F. Hutton, 809 F.2d 548, 554 (9th Cir.1986) (dismissal of claims can validate a prematurely filed notice of appeal), cert. denied, 484 U.S. 822 (1988)
 
 
 [2]
 The parties agree that the relevant prison regulations do not apply to minor disciplinary actions. Appellant contends, however, that informal procedures are constitutionally insufficient to protect his right to due process even for minor disciplinary actions. There is no evidence in the record that service of a timely form 1 is mandatory
 
 
 [3]
 Appellant argues that three or more minor violations in 90 days may result in a major violation. Appellant does not claim that this is his third violation, or that he is facing major violation sanctions. "This court does not intend to[,] and cannot, issue an advisory opinion on a hypothetical fact situation." In re Michaelson, 511 F.2d 882, 893 (9th Cir.), cert. denied, 421 U.S. 978 (1975)